GENEROSO MOURIÑO ET AL., Petitioners, *v.* SUPERIOR COURT OF FIRST INSTANCE, PONCE PART, JOSÉ A. NEGRÓN LÓPEZ, JUDGE, Defendant. CARLOS LABOY, Intervener.

No. 1977. Argued February 6, 1953.—Decided March 29, 1954.

*Antonio Zapater Cajigas* and *Félix Ochoteco Jr.,* for petitioners. *Práxedes Álvarez Leandri* for intervener, defendant in the main action.

MR. JUSTICE BELAVAL delivered the opinion of the Court.

In the former Municipal Court of Puerto Rico, Ponce Section, the petitioners filed an unlawful detainer proceeding against intervener alleging that they needed the premises occupied by the defendant, to devote it to their own use in a business of their own. Intervener answered, alleging that the petitioners wanted the premises for the purpose of extending a business of purchase and sale of coffee which they have next to intervener's business. Intervener alleges this is against the law, since the petitioners had acquired the premises which is the object of the unlawful detainer subsequent to July 17, 1947, and were therefore barred by the restrictions of § 12-A of the Reasonable Rents Act of Puerto Rico, as amended by Act No. 201 of May 14, 1948, (Sess. Laws, p. 574) from the relief sought. The Municipal Court of Puerto Rico, Ponce Section, rendered judgment for petitioners.

An appeal having been taken from the judgment to the District Court of Puerto Rico, Ponce Section, petitioners filed a motion to strike the two defenses raised by intervener in his answer, that is, petitioners' purpose of extending their business in the premises occupied by the intervener and the acquisition of the premise object of the unlawful detainer subsequent to July 17, 1947, because those defenses were immaterial and impertinent and do not constitute any legal defense since they are based on an unconstitutional legal provision.

The Respondent Judge, José A. Negrón López, dismissed the motion to strike the defenses because he believed that the case was not covered by the decision in the case of *Rivera* v. *R. Cobián Chinea & Co., Inc.*, 181 F. 2d 974, *(Maris)*, *(Magruder*, dissenter), (May 19, 1950) of the United States Court of Appeals for the First Circuit. The main ground of the Respondent Judge was the following:

"The afore-cited case of *Rivera* v. *Cobián* which was decided on May 19, 1950, declares § 12 of the afore-mentioned Act un-

constitutional, and although it makes a slight reference at page 97.9 to the amendments added to § 12–A by Act No. 201, approved on May 14, 1948, the court in delivering its opinion did not pass upon the constitutionality or unconstitutionality of that Section, as amended (on which the defenses challenged are based) leaving that question to be determined by the District Court on remand. Since no juridical doctrine or reasoning has been cited which might fully convince us that § 12–A as amended is unconstitutional, such a motion must be dismissed."

We have been asked to review this decision by certiorari.

■■ When the Respondent Judge dismissed the motion to strike on September 12, 1952, he did not have the benefit of our reasoning in *Roselló Hnos.* v. *Figueroa*, 74 P.R.R. 408, 408 where it is held: "It is true that the case at bar is not ruled by the provisions of § 12 of Act No. 464 of 1946 which was directly involved in *Rivera* v. *Cobián Chinea*, *supra*, and must be decided under the afore-cited § 12–A–7 which is part of Act No. 201 of May 14, 1948. However, the conditions for an action of unlawful detainer fixed in § 12–A–7 and which were pointed out by the court *a quo* as necessary prerequisites for the unlawful detainer action, constitute limitations and restrictions which are additional to the exercise of the constitutional right of the owner to evict a tenant when the owner's bona fide purpose is, as we have seen, that of withdrawing the premises from the rental market to devote them to its own use, when the term of the lease contract has expired. Therefore, such conditions, limitations and additional restrictions must be considered unconstitutional and void, as to their application in the case at bar, in which it is alleged that plaintiff has the purpose of withdrawing the premises from the rental market to devote them to its own use. . . ."

After the decision of *Rivera* v. *Cobián Chinea & Co., Inc.*, *supra*, and the decision of *Roselló Hermanos* v. *Figueroa*, *supra*, the restriction imposed by § 12–A–7 (*d*) of the Reasonable Rents Act of Puerto Rico, as amended by Act No. 201 of May 14, 1948, to the effect that the mere intention of a

landlord to occupy the rented premises to extend his own business shall not be sufficient cause for eviction, has been totally eliminated.

The same holds for the limitation imposed by paragraph (a) of § 12–A–7, i. e., that an unlawful detainer does not lie under § 12–A–7 if the lessor has acquired the property prior to July 17, 1946, the date of effectiveness of the Reasonable Rents Act as regards commercial and business premises. Already in the case of *Roselló Hnos.* v. *Figueroa, supra,* we held that: "The effectiveness of the constitutional right of the lessor to recover the property under the afore-mentioned circumstances must not depend on the date in which the property is acquired. The right arises when he actually acquires the property, independently of the date it was acquired."

Ratifying our former decision on that point, we assert that an owner of a commercial or business premises, who alleges and proves: (1) having given the affected tenant authentic written notice, at least six months in advance of the date when the tenant should receive notice to vacate, (2) that the term of the lease has expired, (3) that he is interested in good faith in withdrawing the premises from the rental market in order to occupy them personally with a business of his own, is entitled to evict his tenant pursuant to the right of action provided by § 12–A–7 of the Reasonable Rents Act of Puerto Rico, as amended by Act No. 201 of May 14, 1948 (Sess. Laws, p. 574). The other conditions contained in § 12–A–7 should be regarded as nonexistent, because they are unconstitutional, except paragraph (f) of § 12–A–7 which provides:

"*f.* If within ninety (90) days after the premises are vacated, and without just cause, the same are not occupied and opened to the public by the lessor, the tenant may recover from the lessor indemnification for the damages actually sustained by reason of the ejectment, in a sum which shall never be less than three months'

> rent, plus costs and plaintiff attorney's fees. If at any time during the twelve months following the date on which the tenant vacated the premises, the lessor assigns or leases same to another person, he shall indemnify the tenant for the damages caused him, which shall be fixed at a sum which shall in no case be less than two hundred (200) dollars, or six months' rent, whichever is greater, plus costs and plaintiff attorney's fees as fixed by the court. The foregoing is without prejudice to the liability fixed for the lessor by Section 12–J."

which is still in force, and which fixes the penalty to be imposed on any owner who tries to defeat the public policy of the statute.

For the foregoing reasons, the decision rendered in the instant case on September 12, 1952 by the Respondent Judge, José A. Negrón López, is set aside; the defenses raised by the defendant in his amended answer of October 24, 1951 will be stricken and the case remanded for further proceedings not inconsistent with this opinion.